Buser, J., concurring:
I concur in the panel's holding which affirms Edmonds' convictions and sentences. I write separately because I would find the district court's admission of Detective Lance Flachsbarth's unredacted interviews of Edmonds was erroneous.
As detailed by my colleagues, during the interviews, Detective Flachsbarth expressed numerous, lengthy, and detailed opinions regarding the cause and severity of the injuries to the baby. For example, after acknowledging that he was not a medical doctor, the detective informed Edmonds that the baby had sustained "a multilayer brain bleed," and the way that "commonly happens is through shaken baby syndrome." In short, without redaction or a limiting instruction, the jury improperly heard unsworn evidence from the detective that had all the indicia of a medical opinion on the critical issues of causation and the severity of the baby's injuries.
Under K.S.A. 2016 Supp. 60-456(b), if "scientific, technical or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue, a witness who is qualified as an expert by knowledge, skill, experience, training or education may testify thereto in the form of an opinion" if certain conditions are met. (Emphasis added.) As is readily apparent, the detective was never qualified as an expert in medical science and admitted it during the interview. Quite simply, Detective Flachsbarth was not qualified as an expert to opine regarding medical matters.
Under K.S.A. 2016 Supp. 60-456(a), a lay witness may render an opinion if it is rationally based on the witness' perception, is helpful to understanding the witness' testimony, and is not based on scientific or technical knowledge. See State v. McFadden , 34 Kan. App. 2d 473, Syl. ¶ 5, 122 P.3d 384 (2005) ("[A] lay witness is not competent to provide reliable testimony about medical matters beyond the common knowledge of laypersons, or those [matters] that are not readily apparent such as medical diagnoses or the effects of a possible medical condition."). Once again, the opinions expressed by the detective involved medical science and, by statute, were inadmissible as lay opinions.
Of course, Detective Flachsbarth's opinions which he expressed during the interviews were obviously designed not to provide expert testimony but to persuade Edmonds to admit to physical actions that injured the baby. While such persuasion may be permissible in the context of encouraging admissions by suspects during law enforcement interviews, without redaction or a limiting instruction, a jury may erroneously view such claimed expertise as substantive evidence to prove the critical elements of causation or great bodily harm at trial.
To be clear, as fully and carefully analyzed by my colleagues, I agree that in this case the district court's error was harmless and, therefore, not reversible. My concern is that in another one of these difficult cases, where the defendant does not essentially acknowledge his wrongdoing, and the expert testimony is not so compelling and uncontroverted as in this case, the erroneous admission of a similar recorded interview may constitute reversible error.